```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
SPARKLE POOLS, INC,             *
      Plaintiff,                *
v.                              *    CIVIL NO.: WDQ-05CV-3434
LEE HARDEE, et al.,             *
      Defendants.               *
*     *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Sparkle Pools, Inc. ("Sparkle") has sued Lee Hardee; Lee Hardee t/a Pool Company, LLC; Pool Company, LLC; Lee Hardee t/a Making Waves; and Making Waves for breach of contract and seeks an injunction enjoining Defendants from conducting business in Talbot, Caroline, Dorchester and Queen Anne's counties.  Pending is Defendant's motion to dismiss the complaint for failure to state a claim on which relief can be granted.  Also pending is Sparkle's motion to amend its complaint.  For the following reasons, Sparkle's motion to amend will be granted and Defendant's motion to dismiss will be denied as moot.

I.  Background

Sparkle is a Maryland corporation that constructs, services and sells swimming pools and pool supplies.  Complaint, ¶ 1,3.  Hardee is a former Sparkle employee and the owner of Makin' Waves

Pool Company, LLC ("Makin' Waves"), a Delaware corporation also in the business of selling swimming pools and pool supplies. *Id* at ¶ 7.

In February, 2004 Sparkle hired Hardee to work in its pool construction and service department. *Id* at ¶ 9. Sparkle contends that as a condition of his employment, Hardee agreed not to participate in any business engaged in selling swimming pools or swimming pool products in Talbot, Caroline, Dorchester, or Queen Anne's counties for one year after leaving Sparkle. *Id* at ¶ 11. According to Sparkle the Agreement also required Hardee to refrain from soliciting Sparkle customers for two years after he left the business. *Id* at ¶ 12. On February 18, 2005, Hardee terminated his employment at Sparkle. *Id* at ¶ 13.

Sparkle alleges that since March, 2005, Hardee has violated the Agreement by owning and operating a business engaged in selling swimming pools and pool products and attempting to solicit Sparkle customers. Complaint, ¶ 14-15.

Makin' Waves has moved to dismiss the complaint arguing that it was not a party to the Agreement and, therefore, cannot be held liable to its terms. In response, Sparkle has moved to amend its complaint by substituting Makin' Waves, LLC for the incorrectly named defendants Lee Harvey t/a Pool Company, LLC; Pool Company, LLC; Lee Hardee t/a Making Waves; and Making Waves. Sparkle also seeks to dismiss Count II of the complaint (for

2

injunctive relief) and to add claims against Makin' Waves for tortious interference with contractual relations and tortious interference with prospective advantage.  Makin' Waves has not opposed Sparkle's motion to amend.

II. Analysis

A. Motion to Amend the Complaint

Under Federal Rule of Civil Procedure 15(a) motions for leave to file an amended complaint are to be liberally granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Harless v. CSX Hotels*, 389 F.3d 444 (4th Cir. 2004); *Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987); *Davis v. Piper Aircraft,* 615 F.2d 606 (4th Cir. 1980); *Openshaw v. Cohen, Klingenstein & Marks*, 320 F.Supp.2d 357 (D.Md. 2004).

As Defendants have not opposed the motion and because the Court finds no evidence of undue delay, bad faith or dilatory motive, Sparkle's motion to amend its complaint will be granted.

B. Motion to Dismiss

Makin' Waves has moved to dismiss the complaint on the grounds that it was not a party to the Agreement and, therefore,

cannot be held liable to its terms.  Sparkle's amended claims against Makin' Waves, however, do not rely on an alleged violation of the Agreement.  Accordingly, Makin' Waves' motion to dismiss will be denied as moot.

III.  Conclusion

For the reasons stated above, Sparkle's motion to amend the complaint will be granted; Makin' Waves' motion to dismiss will be denied as moot.

<u>March 2, 2006</u>                                  <u>         /s/              </u>
Date                                           William D. Quarles, Jr.
                                               United States District Judge